**Gruia TOMUTA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72772.

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Submitted July 24, 2006.*

Decided July 31, 2006.

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Gruia Tomuta, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying Tomuta's applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, and reverse only if the evidence compels a contrary finding. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Tomuta testified that he was harassed and humiliated on account of his Pentecostal beliefs during his one-year mandatory military service in Romania, that he lived without incident for two years after his discharge from the military, and that he came to the United States in search of a better life. The agency determined that Tomuta failed to establish past persecution or a well founded fear of future persecution, and the record does not compel a contrary finding. *See Halaim v. INS,* 358 F.3d 1128, 1132 (9th Cir.2004) (stating that "[p]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive" and upholding determination that petitioners who suffered "discrimination" on account of Pentecostal religion did not establish persecution) (internal quotation marks omitted).

Because Tomuta failed to satisfy the lower standard of proof for asylum, he necessarily failed to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

The agency denied CAT relief because Tomuta failed to present evidence that he would be tortured by, or with the acquiescence of, the Romanian government. No evidence in the record compels a contrary finding. *See* 8 C.F.R. § 1208.16(c)(2).

Tomuto's opening brief does not challenge the BIA's denial of his motion to remand. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (stating that issues not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.